**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE ST. LOUIS PENSION FUND, THE MID-AMERICA CARPENTERS REGIONAL COUNCIL HEALTH FUND, THE ST. LOUIS-KANSAS CITY CARPENTERS REGIONAL ANNUITY FUND AND TRUSTEES OF THE MID-AMERICA CARPENTERS REGIONAL COUNCIL APPRENTICE TRAINING FUND, | ) | |
| | ) | CIVIL ACTION |
| Plaintiffs, | ) | |
| v. | ) | |
| GENTRY FLOORING LLC, | ) | |
| and | ) | |
| VICKIE SAUNDERS, | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs, Trustees of the Mid-America Carpenters Regional Council Health Fund, et al., by their attorney, McGann Ketterman & Rioux, complain of the Defendants Gentry Flooring LLC and Vickie Saunders as follows:

### Count I
### (Failure To Pay Employee Benefit Contributions)
### (Defendant Gentry Flooring LLC)

1. This action arises under Section 502 of the Employee Retirement Income Security Act ("ERISA")(29 U.S.C. §§ 1132, 1145), and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 185(a), and the Illinois Wage Payment and Collection Act ("Wage Act"). 820 ILCS 115/1, et seq,. Jurisdiction is founded on the existence of questions arising thereunder, or under 28 U.S.C § 1367.

2. The St. Louis Pension Fund, the Mid-America Carpenters Regional Council Health Fund, the St. Louis-Kansas City Carpenters Regional Annuity Fund, and the Chicago Regional Council of Carpenters Apprentice Training Fund (collectively "Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Mid-America Carpenters Regional Council ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Health Fund is administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3. Gentry Flooring LLC is an employer engaged in an industry affecting commerce that entered into a Collective Bargaining Agreement requiring Gentry Flooring LLC to pay benefit contributions to the Trust Funds and to remit dues deducted from its carpenter employees' wages.

4. The terms of the Collective Bargaining Agreement established a self-reporting system wherein the employers such as Gentry Flooring LLC must submit contribution remittance reports ("contribution reports") and payments shown to be due on those contribution reports. In those contribution reports, the Employer identifies the employees covered under the CBA and the amount of contributions due to the Funds on behalf of each covered employee.

5. Gentry Flooring LLC breached the provisions of the Collective Bargaining Agreement and the Trust Agreements by failing to submit the full payments of benefit contributions for the period of March 12, 2024 through March 3, 2026 in an amount of at least $110,951.65.

6. Gentry Flooring LLC breached the provisions of the Collective Bargaining Agreement and the Trust Agreements by failing to submit the required complete reports and full payments for the period of March 10, 2026 through the present.

7. Gentry Flooring LLC is required to pay liquidated damages, interest, reasonable attorney fees, court costs, and other reasonable amounts incurred in the collection process.

8. In the event an employer becomes delinquent in making the contribution payments, the employer is liable for the unpaid contributions, attorney fees liquidated damages and interest as set forth in the Delinquency Collection Procedure.

9. Pursuant to ERISA and the Funds' Delinquency Collection Procedure, Plaintiffs are entitled to liquidated damages at the rate of 1.5% compounded. Pursuant to the Apprentice Trust Agreement, the Funds are also entitled to liquidated damages at the rate of 1.5% compounded.

10. Pursuant to ERISA, 29 U.S.C. §1132(g)(2)(B), and the Funds' Delinquency Collection Procedure, Plaintiffs are entitled to interest. The interest calculation is based on the ERISA provisions awarding such interest, 29 U.S.C. §1132(g)(2) and the calculation is done pursuant to Section 6621 of the Internal Revenue Code.

11. Gentry Flooring LLC failed to submit liquidated damages and interest during this same period for the delinquent contributions.

12. Plaintiffs have complied with all conditions precedent in bringing this suit.

13. Plaintiffs have been required to employ the undersigned attorney to collect the monies that may be found to be due and owing from the Defendants.

14. Defendants are obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

WHEREFORE, Plaintiffs pray:

a) That Gentry Flooring LLC be ordered to pay $110,951.65 in benefit contributions for the period of March 12, 2024 through March 3, 2026.

b) That Gentry Flooring LLC be ordered to submit the required complete reports and full payments for the period of March 10, 2026 through the present.

c) That Gentry Flooring LLC be ordered to pay liquidated damages and interest on the amount that is due.

d) That Gentry Flooring LLC be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs.

e) That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendants' costs pursuant to 29 U.S.C. §1132(g)(2)(E).

**Count II**
**(Failure to Pay Union Dues, Vacation Savings and Market Recovery Funds)**
**(Gentry Flooring LLC)**

15. Plaintiffs reallege and reincorporate paragraphs 1 through 14 as set forth in Count I.

16. The Funds have been duly designated to serve as collection agents for the Mid-America Carpenters Regional Council ("Union") in that the Funds have been given the authority to collect from Employers such as Gentry Flooring LLC, Union dues which have been deducted from the wages of covered employees.

17. Notwithstanding the obligations imposed by the CBA, the Employer has failed to withhold and/or to report to and forward the union dues deducted or the Union dues that should have been deducted from the wages of employees in the amount of $7,443.78 for the period of March 19, 2024 through March 3, 2026. The amount of dues withheld by the Employer for the period of March 10, 2026 through the present is unknown to the Funds.

18. Notwithstanding the obligations imposed by the CBA, the Employer has failed to withhold and/or to report to and forward the Vacation Savings deducted or that should have been deducted from the wages of employees in the amount of $4,787.50 for the period of March 19, 2024 through March 3, 2026. The amount of Vacation Savings withheld by the Employer for the period of March 10, 2026 through the present is unknown to the Funds.

19. Notwithstanding the obligations imposed by the CBA, the Employer has failed to withhold and/or to report to and forward the Market Recovery funds deducted or that should have been deducted from the wages of employees in the amount of $955.30 for the period of March 19,

2024 through March 3, 2026. The amount of Market Recovery funds withheld by the Employer for the period of March 10, 2026 through the present is unknown to the Funds.

20. The amounts claimed in paragraphs 17-19 are the only amounts known at time of the filing of the complaint, however additional monies may be due the Funds from the Employer based upon Employer's failure to submit all required contribution reports, or to accurately state all hours for which dues are due on reports previously submitted.

21. The Employer is liable to the Funds for the these amounts, as well as reasonable attorneys' fees, as the Union's collection agent, and costs, and such other legal and equitable relief as the Court deems appropriate.

22. The Employer's actions have violated and are violating Section 301(a) of the LMRA, 29 U.S.C. 185(a).

WHEREFORE, Plaintiffs respectfully request that this Court order the Defendant Gentry Flooring LLC to submit the outstanding contribution reports for the period of March 10, 2026 through the present and enter a judgment against Defendant Gentry Flooring LLC for the amount of the union dues, Vacation Savings and Market Recovery funds owed, before and throughout the pendency of this lawsuit, together with all attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

## Count III
## (Illinois Wage Payment and Collection Act)
## (Gentry Flooring LLC and Vickie Saunders)

23. Plaintiffs reallege and reincorporate paragraphs 15 through 22 as set forth in Count II.

24. At all times material herein, Vickie Saunders was the owner and officer of Gentry Flooring LLC and knowingly permitted and willfully refused to remit dues on behalf of the employees in violation of the Illinois Wage Payment and Collection Act ("Wage Act"), 820 ILCS 115/1, et seq., 820 ILCS 115/ 14.

25. Section 13 of the Wage Act provides that "any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation," 820 ILCS 115/13. Thus, Defendant Vickie Saunders is an employer within the meaning of the Wage Act.

26. Defendant Vickie Saunders deducted union dues, Vacation Savings and Market Recovery funds from the employees' wages and failed to remit the money to the Plaintiffs.

27. The union dues, Vacation Savings and Market Recovery funds are wages as defined by Section 2 of the Illinois Wage Payment Collection Act, which have been assigned by the carpenter employees to the Union, 820 ILCS 115/2.

28. Therefore, Vickie Saunders is personally liable for the union dues, Vacation Savings and Market Recovery deduction found to be owed throughout the pendency of this lawsuit.

29. This Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. 1367 as the claim is so related to the claims in Counts II and III in this action, within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment against Defendant Vickie Saunders for the amount of the union dues, Vacation Savings and Market Recovery owed for the period of March 19, 2024 through the present.

Respectfully submitted,
MID-AMERICA CARPENTERS REGIONAL COUNCIL HEALTH FUND et al

By: /s/ Travis J. Ketterman
Attorney for Plaintiffs

Travis J. Ketterman
McGann, Ketterman & Rioux
111 East Wacker Drive, Suite 2300
Chicago, IL 60601
T: (312) 251-9700 F: (312) 251-9701
tketterman@mkrlaborlaw.com
September 9, 2026